# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| ESSENCE JACKSON | * |
| VS. | * |
| CHALMETTE REFINING LLC | * |
| * * * * * | * |

## COMPLAINT FOR DAMAGES

COMES NOW, plaintiff, ESSENCE JACKSON, who files this Complaint for Damages against defendant, Chalmette Refining LLC and seeks damages for injuries she sustained and would respectfully show the following:

## INTRODUCTION AND FACTUAL BACKGROUND

1. Venue is proper as the Defendant's tortious acts occurred in St. Bernard Parish and Petitioner sustained her damages in St. Bernard Parish.

2. Chalmette Refining LLC employed more than fifty employees during all relevant times that this pattern of discrimination occurred.

3. Essence Jackson, 38-year-old an African American woman, was subjected to a hostile work environment because of both her race and her sex and in retaliation for complaining to United Steel Workers Union representative, Ricky Gaitor, among others, and Chalmette Refining LLC management about the unreasonably hostile bathroom conditions she was subjected to while assigned to the Coker 2 Unit.

4. Essence Jackson alleges disparate treatment from Chalmette Refining LLC based on her status as a member of a protected class as an African-American and as a woman.

5. Essence Jackson, an African American woman, whose pre-employment credentials and work history with Chalmette Refining LLC throughout Basic Operator Training classes were impeccable, was terminated from employment with Chalmette Refining LLC under false pretenses on April 12, 2022 in retaliation for complaining to the United Steel Workers Union representatives about the unreasonable bathroom conditions she was subjected to while assigned to the Coker 2 Unit.

6. Essence Jackson asserts that other female and minority employees were also subjected to a hostile work environment and a pattern of disparate treatment at Chalmette Refining LLC.

7. Essence Jackson asserts that other black female employees have also been terminated during their probationary period without sufficient cause or under false pretenses because their race and sex respectively after successfully completing Basic Operator Training. Specifically, Essence Jackson asserts that within recent years at least 2 other black females who successfully completed Chalmette refinery's Basic Operator Training Class were terminated within the 6 month probationary period following Basic Operator Training under false pretenses, before the individuals were provided an opportunity of United Steel Workers Labor Union membership with a protected job status.

8. Essence Jackson was offered full time employment as an Operator Trainee Candidate with Chalmette Refining LLC on October 4, 2021. Essence Jackson signed and accepted the offer of employment on October 6, 2021.

9. According to the employment offer letter to Essence Jackson, her employment with Chalmette Refining LLC was subject to a 180 day probationary period, during which time period Essence Jackson's employment would not be protected by or subject to the Collective Bargaining Agreement between Chalmette Refining LLC and the United Steel Workers Labor Union.

10. Essence Jackson became aware of the pattern of race discrimination at Chalmette Refining LLC

when she recognized that other African American and female employees were also being subjected to discriminatory practices.

11. Essence Jackson asserts that although her performance in Basic Operator Training was stellar in comparison to her similarly situated white counterparts, she was assigned to the most undesirable job post at the Chalmette refinery, Coker 2 Unit, immediately following Basic Operator Training because of her race and sex notwithstanding a feigned attempt by defendants to make Essence Jackson believe she was given the assignment by random allotment.

12. Essence Jackson asserts that similarly situated white employees were not subjected to directives from management to engage in behaviors that ultimately get her terminated. Specifically, Essence Jackson was directed by supervisors Shane Dennis and Justin Wagner to not follow the 13 hour day shift/ 11 hour night shift schedule that all similarly situated white and male employees followed.

13. Essence Jackson asserts that the allegations outlined hereinabove at Paragraph 12 directly contributed to the termination of her employment for being considered tardy on some shifts while she was assigned to the Crude 2 Unit as evidenced by the termination notice generated by defendant.

14. Essence Jackson alleges that she was given numerous positive written and verbal performance evaluations by multiple Supervisors prior to her complaints about discriminatory treatment relative to the disparate "woman's" bathroom conditions at Coker 2 Unit. In fact, each and every negative evaluation indicating that Essence Jackson's performance needed improvement and every negative employment action taken by Chalmette Refining LLC happened after and was a consequence and direct result of Essence Jackson's reporting of the disparate and unreasonable bathroom conditions during her initial work assignment at Coker 2 Unit.

15. Essence Jackson alleges that employment practices of Chalmette Refining LLC disproportionately impacted her ability to succeed as an employee at the Chalmette refinery. Essence Jackson further alleges that employment practices of Chalmette Refining LLC were in violation of Chalmette Refining LLC's written procedure(s) <inclusive of GLOB NP 0024> regarding how Operator Candidate Training is supposed to be managed by defendant.

16. On the date of her termination, Essence Jackson was merely attempting to follow the generally accepted site-specific practice which was well established at the Chalmette refinery and which provided that a Trainee's assigned Trainer must be present when the Trainee is undergoing a training/ qualification assessment walk-through with a Supervisor. As a result of Essence Jackson's attempt to follow the generally accepted practice, which has been followed by Operations personnel for years at the Chalmette Refinery prior to when Essence Jackson was terminated for refusing to complete a training assessment walk-through when she was requested to do so by her Field Supervisor.

17. Essence Jackson avers that Chalmette Refining LLC did not provide to her the same training support that other similarly situated employees were provided after the Basic Operator Training class. Specifically, petitioner asserts that in contravention of the defendant's own procedures, her assigned Trainer, Boyd Acevedo was removed from her shift during her training and break-in period by management following her conclusion of Basic Operator Training and during her training and break-in period to work on special projects effectively leaving Essence Jackson to train herself to work a highly complex job as a Crude 2 Unit Operator.

18. Petitioner avers that she could not utilize the restroom at Chalmette Refining LLC while assigned to the Coker 2 Unit at any time she needed to because of disparate treatment. Furthermore, she was humiliated by being forced to utilize a bathroom with a large peephole that was intended

to allow other employees to watch her whilst she utilized the restroom facilities.

19. Essence Jackson was subjected to a hostile work environment when she was called by derogatory sexual slurs by employees on Chalmette Refining LLC on numerous occasions relating to shape of her body and the size of certain body parts.

20. Essence Jackson was subjected to a hostile work environment when she was forced to witness other female employees being called by derogatory sexual slurs by male employees of Chalmette Refining LLC on numerous occasions. The inappropriate comments were relating to shape of other women's bodies and the size of certain body parts of female employees.

21. Essence Jackson avers that she was subjected to retaliation including termination of employment for reporting disparate treatment and inappropriate behaviors of a sexual nature by other Chalmette Refining LLC employees when she was assigned to the Coker 2 Unit.

22. On more than one occasion, Essence Jackson was subjected to verbally abusive behaviors by employees of Chalmette Refining LLC because of her status as an employee within in a protected class as a woman.

23. Essence Jackson avers that her employment was terminated by a superintendent who had never met her prior to meeting called for the purpose of terminating her employment with Chalmette Refining LLC.

24. Petitioner timely filed charges with the Equal Employment Opportunity Commission and filed the present action in response to receiving "Notice of Right to Sue Letter" dated February 24, 2023. (See Exhibit)

25. Petitioner prays for a trial by jury and for a bond set in the amount and within the time set by the court pursuant to Article 1734.

## PARTIES

**PLAINTIFF**

Plaintiff, Essence Jackson, is a resident of the State of Louisiana. Essence Jackson was terminated from her position as an Operator with Chalmette Refining LLC. The incidents relevant herein occurred at the Chalmette refinery located at 500 West St. Bernard Highway, Chalmette, Louisiana 70043.

**DEFENDANT3**

Defendant, Chalmette Refining LLC is a Delaware Corporation, doing business in Louisiana at the Chalmette Refinery, 500 West St. Bernard Highway, Chalmette, LA 70043, and may be served through its registered agent, C T CORPORATION SYSTEM, 3867 Plaza Tower Drive, Baton Rouge, LA 70816, or wherever it may be found.

## JURISDICTION AND VENUE

Defendant, Chalmette Refining LLC, with their refinery located at 500 W. St. Bernard Highway, Chalmette, LA 70043 expected or should have expected its acts and/or omissions to have consequences within the Jurisdiction of this Court.

**REQUEST FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PETITIONER prays that defendant herein be duly cited and served with a copy of this petition and be required to answer same, all in accordance with the law, and that after due proceedings had, there be a judgment in favor of petitioner and against the defendant, jointly, in solido, for such damages as are reasonable in the premises, including reinstatement, back pay, front pay in lieu of reinstatement, penalties and attorney's fees together with legal interest thereon from judicial demand until paid, for all cost of these proceedings, and for all just and equitable relief.

Respectfully submitted,
**CAILLIER & ASSOCIATES, LLC**

/s/ Leo Caillier III

LEO CAILLIER III #36158
711 Second Street
Gretna, LA 70053
Telephone: (504) 717-5402
Fax: (504) 345-2379

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

*/s/ Leo Caillier, III*
Attorney Leo Caillier III

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESSENCE JACKSON** | * |
| | * |
| VS. | * |
| | * |
| **CHALMETTE REFINING LLC** | * |
| | * |

\* \* \* \* \*

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

    **BEFORE ME**, the undersigned authority, personally came and appeared ESSENCE JACKSON, who, after being duly sworn, did depose and state that all of the allegations of fact contained in the foregoing Complaint For Damages are true and correct to the best of her knowledge, information and belief.

_____
ESSENCE JACKSON

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 8th
DAY OF March, 2023.

LEO CAILLIER III
Notary Public
Notary ID No. 142156
St. Tammany Parish, Louisiana

_____
NOTARY PUBLIC