UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ESSENCE JACKSON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-858  DIV. (2) |
| CHALMETTE REFINING, LLC | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 9.

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendant Chalmette Refining, LLC.  ECF No. 6.  Plaintiff Essence Jackson timely filed an Opposition Memorandum (ECF No. 14), and Chalmette Refining filed a Reply Memorandum (ECF No. 19).  No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Chalmette Refining's motion (ECF No. 6) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Essence Jackson is an African American woman who worked at Chalmette Refinery from October 6, 2021, until her termination on April 12, 2022.  ECF No. 1 ¶¶ 3, 5, 8.  She filed suit alleging race- and sex-based discrimination, hostile work environment and retaliation.  *Id.* ¶¶ 3, 4.  Plaintiff alleges that she timely filed a charge of discrimination with the EEOC and the EEOC issued a determination letter dated February 24, 2023.  *Id.* ¶ 24.

Defendant Chalmette Refinery moves to dismiss Plaintiff's claims for failure to exhaust administrative remedies.  ECF No. 6.  Given the April 12, 2022, termination date, the 300-day deadline for filing an EEOC charge expired on February 6, 2023.  Chalmette Refinery argues that,

1

although Plaintiff signed and dated her charge on January 29, 2023, she did not "file" the charge with the EEOC until the EEOC recorded receipt of same by uploading it to the website on February 24, 2023. ECF No. 6-1 at 5-6, 9-10. Because February 24, 2023, is 18 days past her 300-day deadline, her claim is time-barred. *Id.* at 9-10. Chalmette Refinery further argues, even if she filed her charge timely, she failed to raise a claim for hostile environment and retaliation, and therefore, those claims must be dismissed for failure to exhaust. *Id.* at 10-14.

In Opposition, Plaintiff argues that she timely filed an EEOC charge on January 29, 2023. ECF No. 14 at 2-4. In support, Plaintiff provides an affidavit and copies of an email to EEOC Investigator Charlotte Davis attaching a signed charge dated January 29, 2023, along with an attached paper with additional revisions to the charge. ECF Nos. 14-2, No. 14-3. Plaintiff also argues that EEOC records (including a telephone interview transcript from September 19, 2022) reflect that she provide sufficient information to the EEOC investigator to encompass her claims of hostile environment and retaliation. ECF No. 14 at 2, 4-5.

In Reply, Chalmette Refinery argues that the date Plaintiff emailed documents to an EEOC investigator is irrelevant because EEOC records reflect that the charge was received (and thus filed) on February 24, 2023, with no documentation of receipt for anything on January 29, 2023, or even any other communication before February 24, 2023. ECF No. 16 at 2-3, 4. It also repeats its prior argument that, even if Plaintiff had timely filed the charge, the charge does not include claims of retaliation and hostile work environment. *Id*. at 4-5.

## II.     LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state

a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[1] Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[2] If the failure to exhaust administrative remedies is established by the pleadings and the other properly considered documents, then dismissal under Rule 12(b)(6) is appropriate.[3]

Although Rule 12(d) requires the court to treat the motion as a Rule 56 motion when matters outside of the pleadings are presented and not excluded by a court, the court may consider documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice in the Rule 12 analysis without converting the motion to a Rule 56 motion.[4] In addition, the court may consider any documents attached to either the motion to dismiss or an opposition to that motion when the documents are referenced in the pleadings and are central to a plaintiff's claims.[5]

When an allegation in the complaint is contradicted by the contents of an exhibit, the exhibit (not the allegation) controls.[6] In this case, Plaintiff's Complaint alleges that she timely

---

[1] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[2] *Id.*
[3] *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572, 573 (5th Cir. 2013) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.") (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003) (citations omitted)); *see also Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("[A] claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.").
[4] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).
[5] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citations omitted); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir.2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).
[6] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (stating that if an allegation is contradicted by contents of an exhibit, the exhibit and not the allegation controls) (citing *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)); *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 548 & n.36 (5th

filed an EEOC charge.  ECF No. 1 ¶ 24.  Defendant, however, disputes that contention and attaches the EEOC records, which indicate that she filed her charge on February 24, 2023, which is 18 days after expiration of the 300-day filing period.

The EEOC records (ECF No. 6-1 at 10-15, No. 14-1 at 19-23) reflect:

| | |
|---|---|
| April 27, 2022 | Plaintiff made an online inquiry with the EEOC. |
| June 23, 2022 | EEOC scheduled her interview for September 19, 2022. |
| September 19, 2022 | EEOC investigator Davis viewed charge details. |
| September 20, 2022 | EEOC investigator Davis added intake interview notes. |
| September 21, 2022[7] | Interview notes uploaded; draft charge for Title VII race, gender and retaliation claims prepared; draft charge sent to Plaintiff for review; EEOC officer noted dismissal recommendation. |
| October 7, 2022[8] | EEOC closed file, indicating:  "Charging Party declined to file." |
| November 15, 2022[9] | Plaintiff viewed online inquiry report information; EEOC investigator downloaded draft Charge of Discrimination. |
| November 22, 2022 | EEOC officer received complaint from Plaintiff regarding closure. |
| December 6, 2022 | EEOC investigator Davis reviewed Plaintiff's complaint. |
| December 15, 2022[10] | Telephone call between EEOC investigator Davis and Plaintiff. |
| February 23, 2023 | EEOC investigator Davis downloaded intake interview notes. |

---

Cir. 2022) (recognizing that exhibit takes precedence over contradictory allegation); *Thermo Credit, LLC v. Cordia Corp.*, No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence) (citing *Assoc. Builders, Inc. v. Ala.  Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[7] *See also* ECF No. 14-1 at 18-19 (additional detail regarding claims identical to charge particulars in the Charge of Discrimination dated January 29, 2023 as well as interview notes with additional information); *see also id.* at 13-14.

[8] *See also* ECF 14-1 at 18 (additional detail stating "On 9/21/22, a draft charge of discrimination was emailed to CP for her review and signature.  As of today CP has not returned the signed charge.").

[9] *See also* ECF No. 14-1 at 15 (additional detail including internal EEOC email dated November 16, 2022, regarding Plaintiff's inquiry regarding whether the Notice of Right to Sue had been issued, EEOC's response advising "charge was closed due to PCP declined to file," in response to which Plaintiff asked to escalate the matter because she did not decline to file).

[10] *See also* ECF No. 14-1 at 18 (additional detail reflecting instructions that charge will remain closed until receipt of signed charge and asking that Plaintiff print the charge, make all necessary changes, sign and date it and upload it back to EEOC investigator Davis via email as a pdf attachment, after which a Notice of Right to Sue will be issued).

| February 24, 2023 | EEOC investigator Davis re-opened file; formalized charge; notified Plaintiff that charge has been filed; notice of charge generated and send to Defendant; closed case; issued Notice of Right to Sue |
|---|---|

As evidenced by the EEOC documents, there is no indication of any activity (including receipt of any documents) between December 15, 2022, and February 24, 2023. *See* ECF Nos. 6-2 at 10-15; 14-1 at 18-25. Defendant argues Plaintiff did not file her charge until February 24, 2023, which is supported by the fact that the EEOC notified Defendant of the charge via letter dated February 24, 2023 (ECF No. 14-1 at 8), and its Notification and Acknowledgement of Dual-Filed Charge reflecting initial receipt of the charge on February 24, 2023. *Id.* at 7.

Plaintiff disputes Defendant's assertion that she did not file her charge until February 24, 2023. In support of her argument, Plaintiff submits a copy of an email that she sent to EEOC Investigator Charlotte Davis on January 29, 2022, enclosing a signed draft charge of discrimination dated January 29, 2023, along with an Affidavit confirming her transmission of same. ECF No. 14-2 ¶ 6; No. 14-3. When the court considers evidence outside of the pleadings and attachments central to the claims or subject to judicial notice, the court must convert the Rule 12 motion to dismiss into a Rule 56 motion for summary judgment.[11] While express notice of conversion may be preferable, the Fifth Circuit does not require that the parties receive express notice: "[T]he simple act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment."[12] In that case, the court must consider the evidence in the light most favorable to the non-movant, and any reasonable inferences are to be drawn in favor of that party.[13]

---

[11] FED. R. CIV. P. 12(d); *see also Snider v. L-3 Commc'ns Vertex Aerospace, LLC*, 946 F.3d 660, 667 (5th Cir. 2019) (explaining that if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56).
[12] *Mackey v. Owens*, No. 98-607758, 1999 WL 423077, at *2 (5th Cir. June 2, 1999) (unpubl.).
[13] *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal citation and quotation omitted); *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703 (5th Cir. 2013); *Simons v. Davis*, No. 20-40570, 2022 WL 3226619, at *2 (5th Cir. 2022) (quoting *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (internal citation omitted)).

B. **<u>Administrative Exhaustion</u>**

Title VII of the Civil Rights Act of 1964 prohibits covered employers from discriminating against any individual with respect to "terms, conditions, or privileges of employment, because of such individual's race."[14] A plaintiff alleging discrimination claims must exhaust administrative remedies by filing a charge of discrimination filed with a state or local agency within 300 days after the alleged unlawful employment practice occurred before filing suit in district court.[15] The filing of a timely EEOC charge is a statutory prerequisite to suit under Title VII.[16] The failure to file a charge of unlawful discrimination within the applicable time period bars a plaintiff from proceeding with a civil action.[17]

A lawsuit stemming from an EEOC charge is limited in scope to the charge set forth therein as well as the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination.[18] Courts should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so thwarts the administrative process and peremptorily substitutes litigation for conciliation.[19] A claim is not reasonably expected to grow out of a plaintiff's charge of discrimination if the claim is not alleged in the charge itself.[20] Likewise, the assertion of retaliation

---

[14] 42 U.S.C. § 2000e-2(a)(1).
[15] 42 U.S.C. § 2000e-5(e)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *see also Jones*, 756 F. App'x at 348 (citing 42 U.S.C. § 2000e-5(f)(1)).
[16] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).
[17] *See, e.g., Jay v. Int'l Salt Co.*, 868 F.2d 179, 180 n.1 (5th Cir. 1989); *Cook v. Lee Coll.*, 798 F. Supp. 417, 420-21 (S.D. Tex. 1992).
[18] *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (citing *Fellows v. Universal Rest.*, 701 F.2d 447, 451 (5th Cir. 1981)); *see also Vicknar v. La. Dep't of Pub. Safety & Corrs.*, 555 F. App'x 325, 332 (5th Cir. 2014) (noting that a Title VII suit may "extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge.").
[19] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006)).
[20] *Ellzey v. Cath. Charities Archdiocese of New Orleans*, 833 F. Supp. 2d 595, 602 (E.D. La. 2011); *Kebiro v. Walmart*, 193 F. App'x 365, 367 (5th Cir. 2006).

without any mention of protected activity in the charge would limit the scope of the EEOC investigation reasonably expected to grow out of the charge and not reach a retaliation claim.[21]

The scope of the inquiry is not, however, limited to the exact charge brought to the EEOC. Rather, EEOC charges are to be given a liberal construction, especially those authored by unlawyered complainants.[22] Courts must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than to its label."[23] That said, an entirely different basis of alleged discrimination not mentioned to the EEOC will fall outside of the permissible scope of a lawsuit.[24] There must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination.[25]

1. Requirement for Timely Filing

An EEOC charge must be in writing, signed, and verified. 29 C.F.R. § 1601.9. Although federal regulations specify certain required contents,[26] a charge is deemed sufficient when the EEOC receives from the person making the charge a written statement sufficiently precise to

---

[21] *Briceno-Belmontes v. Coastal Bend Coll.*, No. 20-114, 2022 WL 912785, at *7 (S.D. Tex. Mar. 29, 2022) (citing *Jennings*, 11 F.4th at 342; *Edmund v. Metro. Transit Auth.*, No. 08-87, 2009 WL 455268, at *6 (S.D. Tex. Feb. 23, 2009) (collecting cases)).
[22] *Thomas v. Tex. Dep't of Crim. Just.*, 220 F.3d 389, 395 (5th Cir. 2000); *Young v. City of Hous.*, 906 F.2d 177, 179 (5th Cir. 1990); *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983); *see also Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020) (courts must assess the scope of a Title VII lawsuit "somewhat broadly, not solely by the scope of the administrative charge itself").
[23] *Pacheco*, 448 F.3d at 789.
[24] *See Kebiro v. Walmart*, 193 F. App'x 365, 367 (5th Cir. 2006) (racial and gender discrimination claims were properly dismissed because EEOC filings only mentioned his age and national origin); *Luna v. Lockheed Martin Corp.*, 54 F. App'x 404, *1 (5th Cir. 2002) (national origin claim properly dismissed where charge only checked box indicating retaliation claim); *Thomas*, 220 F.3d at 395 (trial court abused its discretion in amending pretrial order to allow Plaintiff to pursue race discrimination claim where EEOC charge alleged only gender discrimination).
[25] *Turner v. Novartis Pharms.*, No. 10-0175, 2011 WL 901022, at *4 (E.D. La. Mar. 11, 2011), *aff'd.*, 442 F. App'x 139 (5th Cir. 2011); *Jennings v. Towers Watson*, 11 F.4th 335, 343 (5th Cir. 2021) (no exhaustion of race and hostile environment claims where pay differential allegations would not lead to investigation of seating segregation claim).
[26] The required contents of a charge are: (1) the name and contact information of the person making the charge; (2) the name and contact information of the person against whom the charge is made; (3) a concise statement of the facts constituting the alleged unlawful employment practices; (4) the approximate number of employees; and (5) a statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced elsewhere. 29 C.F.R. § 1601.12(a).

identify the parties, and to describe generally the action or practices complained of.[27] Thus, courts have held that a charge is not limited to a final, written and verified formal charge, but rather can encompass other documents that satisfy the EEOC's charge-filing requirements if "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."[28]

An EEOC charge is "filed" when it is received by the EEOC.[29] The Fifth Circuit has made clear that "'mailing' may not be construed as "filing" for purposes of Title VII."[30] Thus, a charge is not considered filed when dated, signed, or mailed; rather, a charge is considered filed only when received by the EEOC.[31] Further, the fact that the EEOC fails to forward notice of a charge within ten days, as required, does not per se violate due process or bar the filing of an enforcement action absent proof of prejudiced from the delay.[32]

### 2. Retaliation

Title VII's antiretaliation provisions protect an individual from retaliation that produces an injury or harm.[33] To establish a retaliation claim, Plaintiff must show that:

(1) she engaged in a protected activity;
(2) an adverse employment action occurred; and

---

[27] 29 C.F.R. § 1601.12(b).
[28] *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S. Ct. 1147, 1158, 170 L.Ed.2d 10 (2008) (Interpreting ADEA); *Equal Emp. Opp. Comm'n v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753–54 (5th Cir. 2020); *Edelman v. Lynchburg College*, 535 U.S. 106 (2002) (holding that a claimant's letter constituted charge and that the verified Form 5 related back to the receipt date of the letter); 29 C.F.R. § 1601.12.
[29] 29 C.F.R. § 1601.13.
[30] *Taylor v. Gen. Tel. Co. of Sw.*, 759 F.2d 437, 440 (5th Cir. 1985).
[31] *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013); *Taylor*, 759 F.2d at 440; *see also Deleon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 293 (5th Cir. 2014) (rejecting argument that EEOC charge was timely filed when mailed to the EEOC on the final day of the filing deadline); *Owens v. Albertsons*, Inc., No. 05-615, 2005 WL 3311435, at *3 (W.D. La. Dec. 5, 2005) (finding EEOC charge filed based on certified mail return receipts for mailing even though neither plaintiff nor respondent received notice of receipt of charge from EEOC).
[32] *See EEOC v. Airguide Corp.*, 539 F.2d 1038, 1042 (5th Cir. 1976); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 66 n.16, 104 S. Ct. 1621, 1629 n.16, 80 L.Ed.2d 41 (1984) ("[W]hen the EEOC has failed to notify the accused employer within 10 days of the filing of the charge, the courts have uniformly held that, at least in the absence of proof of bad faith on the part of the Commission or prejudice to the employer, the result is not to bar a subsequent suit either by the aggrieved party ... or by the Commission . . . ."); *Vantage Energy Servs., Inc.*, 954 F.3d at 756–57.
[33] *Davis v. Fort Bend Cty.*, 765 F.3d 480, 490 (5th Cir. 2014) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 126 U.S. 53, 67 (2006)).

(3) a causal connection exists between the protected act and the adverse action (i.e., the protected activity was the "but for" cause of the alleged retaliation).[34]

"An employee has engaged in activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII."[35] An employee's informal complaint to an employer may constitute participation in a protected activity.[36]

### 3. Hostile Environment

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"[37] For alleged harassment to affect a term, condition, or privilege of employment, it "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[38] In other words, the workplace must be permeated with discriminatory intimidation, ridicule, and insult such that it alters the conditions of the victim's employment and creates an abusive work environment.[39]

The environment must be both objectively and subjectively offensive (i.e., one that a reasonable person would find hostile or abusive and one that the victim in fact did perceive to be so).[40] The totality of the employment circumstances determines whether an environment is objectively hostile.[41] Although no single factor is determinative, pertinent considerations are:

---

[34] *Everett v. Cent. Miss., Inc. Head Start Prog.*, 444 F. Appx 38, 43 (5th Cir. 2011); *Septimus v. Univ. of Hous.*, 399 F.3d 601, 610 (5th Cir. 2005); *Harvill v. Westward Comm., L.L.C.*, 433 F.3d 428, 439 (5th Cir. 2005).
[35] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)); *see also Douglas v. DynMcDermott Petroleum Ops. Co.*, 144 F.3d 364, 372–73 (5th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a)).
[36] *Amanduron v. Am. Airlines*, 416 F. App'x 421, 424 (5th Cir. 2011) (citations omitted).
[37] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1))).
[38] *West v. City of Hous.*, 960 F.3d 736, 741–42 (5th Cir. 2020) (citation omitted).
[39] *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993).
[40] *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris*, 510 U.S. at 21–22)); *Aryain v. Wal–Mart Stores of Tex., LP*, 534 F.3d 473, 479 (5th Cir. 2008) (quoting *Faragher*, 524 U.S. at 786).
[41] *Harris*, 510 U.S. at 23.

(1) "the frequency of the discriminatory conduct"; (2) "its severity"; (3) "whether it is physically threatening or humiliating, or a mere offensive utterance"; and (4) "whether it unreasonably interferes with an employee's work performance."[42]

### III.   ANALYSIS

#### A.   Fact Issues Preclude a Determination of Whether Plaintiff Timely Filed a Charge

The parties agree that the EEOC charge and EEOC FOIA response documents are central to Plaintiff's claims and may be considered in ruling on the motion to dismiss. ECF No. 6-1 at 6-8; No. 14 at 6-8. In addition to the EEOC documents, however, Plaintiff attaches certain evidence that cannot be considered on a Rule 12(b)(6) motion without converting the matter to a summary judgment motion. Given that the parties have had more than ten days since Plaintiff filed her additional evidence (and thus fair notice that the court could convert this motion to a Rule 56 motion) and the importance of this potentially litigation ending issue, the court exercises its discretion to treat the matter as a Rule 56 motion and consider Plaintiff's additional evidence.

Initially, a review of the EEOC log reflects that the log is not exhaustive as it does not list every activity in the case. For instance, the EEOC log does not list Plaintiff's interview on September 19, 2022, which evidently occurred given that it was scheduled (as reflected on the log) and that the EEOC documents include the investigator's notes from that interview. ECF No. 14-1 at 13-14. Plaintiff's email exhibit certainly reflects that she attempted to email a copy of her charge, properly addressed, to the EEOC on January 29, 2023; however, the exhibit does not establish that the EEOC actually *received* her charge on that date. The email could have been caught in spam or undelivered for some other reason, which would mean the EEOC did not receive it as required. Considering Fifth Circuit precedent holding that mailing is insufficient, as Plaintiff

---

[42] *Id; EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007).

concedes (ECF No. 14 at 3), the January 29, 2023 charge cannot be considered "filed" based only on the email dated the January 29 absent evidence of *receipt* by the EEOC.

Defendant, however, offers no evidence regarding the EEOC's procedures for uploading documents received via email. Thus, while the absence of an entry on the log suggests the absence of receipt, it is equally plausible that the document had been delivered to the EEOC investigator and was simply not uploaded by the investigator in a timely fashion. Drawing all inferences in favor of the non-movant, as required, based on the evidence before me at this time, the Court cannot find that the undisputed evidence *establishes* that Plaintiff failed to deliver timely her EEOC charge.

Moreover, even if the EEOC did not receive the signed charge until February 24, 2023, that would not end the inquiry. Rather, the court would then need to assess whether the delinquent January 29, 2023 signed charge could amend (and thus relate back) to some other document (such as an intake questionnaire[43]) constituting the "charge." Although some courts have rejected the notion that an online inquiry constitutes a charge,[44] other courts have allowed a delinquent charge

---

[43] *See, e.g., Vantage Energy Servs., Inc.*, 954 F.3d at 754 (citing *Holowecki*, recognizing that courts have extended that holding to Title VII, and finding that later-verified questionnaire constituted charge because it contained the required information and reasonably requested the EEOC to take remedial action); *Doe v. Merritt Hosp., LLC*, 353 F. Supp. 3d 472, 479 (E.D. La. 2018) (recognizing that an EEOC intake questionnaire may be deemed a charge of discrimination if it "both satisfies the regulatory requirements of a charge and may be 'reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.'").

[44] *See, e.g., Sims v. Louisiana State*, No. 22-2609, 2023 WL 405443, at *4 (E.D. La. Jan. 25, 2023) (holding an online inquiry does not qualify as a verified EEOC charge) (citations omitted); *Broussard v. Stabil Drill Specialties LLC*, No. 22-00577, 2023 WL 3490053, at *4 (W.D. La. May 16, 2023) (noting that the EEOC instructions state that "submitting an online inquiry is not the same as filing a charge of discrimination with EEOC."); *Perkins v. Starbucks Corp.*, No. 21-4189, 2022 WL 17069145, at *5 (S.D. Tex. Nov. 17, 2022) (online inquiry form does not constitute a charge because it does not contain any specific statement that can reasonably be construed as a request for the EEOC to take remedial action to protect Perkins's rights or otherwise settle a dispute between the employee and employer, and the scheduling of an interview from that form does not change the calculus).

to relate back to an initial inquiry and/or interview notes recorded by the EEOC officer later included in the charge document.[45]

### B. Administrative Exhaustion Under the January 29, 2023 Charge

Plaintiff's claims in this case must be limited to the claims asserted in the charge and those that reasonably grow from that charge during the investigation. Based on the allegations and information summarized in the charge dated January 29, 2023, Plaintiff has exhausted her claims for race and gender discrimination, and Defendant does not seek dismissal of these claims on that basis. Instead, Defendant seeks dismissal of Plaintiff's retaliation and hostile environment claims on the basis that she failed to raise them in her EEOC charge.

As to retaliation, although Plaintiff did not explicitly state that she engaged in protected activity, she provided factual information regarding her complaints about women having inadequate facilities (e.g., a shower and restroom) as compared to men. ECF No. 14-1 at 13-14 (identifying her multiple complaints to Union Rep Ricky Gaither regarding disparate facilities, and he told her he would talk to management). Plaintiff's gender-based complaints of disparate

---

[45] *Compare Price v. Sw. Bell Tel. Co.*, 687 F.2d 74 (5th Cir.1982) (form EEOC employee completed during intake interview qualified as charge), *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (where plaintiff's intake questionnaire was followed by a verified charge, the district court erred in concluding the charge was untimely), *Linton v. City of Marlin*, 253 F.3d 706 (5th Cir. 2001) (Table) (unsworn letter constituted the "charge" and her sworn charge submitted five months later constituted an amendment), *Thomson v. Westlake Chem. Corp.*, No. 19-00236, 2019 WL 4447594, at *4-5 (W.D. La. Sept. 16, 2019) (formal charge filed 326 after termination not untimely where it relates back to earlier date that complainant provided EEOC with sufficient information to allege charge of discrimination) and *Grooms v. Walden Security*, No. 21-363, 2022 WL 949842 (M.D. Tenn. Mar. 29, 2022) (after faxing statement indicating intent to file charge, statements by telephone written down by an EEOC employee on a Charge of Discrimination form satisfies requirement of charge), *with Stevenson v. Delta Airlines, Inc.*, No. 17-6003, 2019 WL 2603635 (E.D. La. June 25, 2019) (noting absence of authority to support the notion verbal conversation regarding the filing of a charge suffices to constitute a charge of discrimination without intake form of other document indicating intent to do so); *Gonzalez v. Hoechst Celanese*, No. C–97–125, 1997 WL 855968 (S.D. Tex. Dec.1, 1997) (holding unsworn letter was not a charge because the EEOC treated it as an "inquiry" and returned it with instructions to respond with more information before the 300–day deadline); *Henderson v. Wal Mart Stores Tex., LLC*, No, 10-317, 2010 WL 1525551 (S.D. Tex. Apr. 14, 2010) (letter not considered a charge when EEOC responded asking for specific information about her claims and advised that response was required before statutory deadline and failure to respond within 30 days would be treated as a decision not to pursue a charge of discrimination), and *Aultman v. Lake Park Travel Ctr.*, No. 05-75, 2007 WL 988715 (M.D. Ga. Mar. 30, 2007) (timely telephone call does not constitute a charge).

treatment regarding facilities may constitute protected activity. Further, she expressly asserted that her termination was retaliatory. Given these facts, the EEOC's investigation would reasonably have included investigation of whether Defendant retaliated against Plaintiff for making gender-based complaints about disparate and inadequate facilities.

A hostile environment claim requires a series of severe or pervasive separate acts that affect the terms, conditions, or privileges of employment. In contrast to the race- and gender-based reports, Plaintiff's EEOC charge does not reflect any alleged reports of inappropriate behavior of a sexual nature, as now alleged in her Complaint. ECF No. 1 ¶¶18- 21. Nor does the charge indicated that she engaged in any protected activity regarding same. Nothing in Plaintiff's communications with the EEOC provides any information from which an EEOC investigation into a claim of hostile environment or related retaliation claim could grow, Likewise, the EEOC's investigation of her race, gender, and retaliation claims would not have encompassed a hostile environment claim or retaliation for engaging in protected activity with regard to any alleged hostile environment.

## IV.     CONCLUSION

Two fact issues preclude summary judgment based on failure to timely file an EEOC charge: (1) whether the EEOC received Plaintiff's signed and dated charge via email on January 29, 2023, and simply failed to process it until February 24, 2023; and (2) whether, if delinquent, the charge could serve to amend some earlier document. Once the parties have had an opportunity for further discovery, Defendant may re-urge this matter if the uncontested facts resolve these open fact issues.

Although Plaintiff now alleges that she was subjected to derogatory sexual slurs and verbally abusive behavior based on her gender (ECF No. 1 ¶¶ 18-22), none of those facts were

identified in her charge or even mentioned to the EEOC. Asserting a gender discrimination claim does not exhaust a hostile environment claim as those claims are distinct. As neither the hostile work environment claim asserted in this case nor the facts underlying it were mentioned in the EEOC charge, Plaintiff's charge does not provide sufficient notice of that claim or any related retaliation claim. Accordingly, Plaintiff has failed to exhaust administrative remedies as to any hostile environment claim and related retaliation claim.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 6) is GRANTED IN PART, dismissing with prejudice Plaintiff's hostile environment claims and retaliation claims based on any conduct other than her gender-based complaints regarding facilities.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 6) is DENIED IN PART with regard to her race and gender discrimination claim and retaliation claim based on her gender-based discrimination complaints.

New Orleans, Louisiana, this ___7th___ day of July, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE